428 A.2d 215

**Maylan G. WARRINER**

**v.**

**Priscilla A. LYON.**

**Appeal of Priscilla A. LYON and Tioga County Children's Service Agency.**

Superior Court of Pennsylvania.

Submitted March 21, 1980.

Filed April 3, 1981.

16

James E. Carlson, Wellsboro, for appellants.

William F. Campbell, Wellsboro, for appellee.

Before SPAETH, BROSKY and VAN der VOORT, JJ.

VAN der VOORT, Judge:

Appellant Priscilla A. Lyon is the former wife of appellee Maylan G. Warriner. The parties were divorced on July 20, 1976, and both have remarried. Daughters Julie and Melissa were born to Priscilla and Maylan on February 12, 1969 and May 11, 1973. By order dated January 27, 1977, the lower court granted custody of both children to the mother with visitation rights to the father. On July 19, 1979, the father filed a petition for modification of the custody order, making severe charges against the appellant's new husband, stepfather of the children, and averring that, by agreement of the parties, the father has had physical custody of the children.

The lower court set a hearing date of July 30, 1979. On that date, the parties appeared by counsel and counsel stipulated on the record that custody be given to Children's Services pending further investigation and a hearing (to be

held within thirty days, if possible), with physical custody to remain with the father. No testimony was taken on this date. The lower court entered an order dated July 30, 1979, terminating the previous order (of January 27, 1977), awarding custody to the father, granting the mother visitation rights "at a neutral location", and ordering examination of the children by a Court Psychologist. The case is before us on appeal from this order of July 30, 1979.

Appellant argues that the order is improper in that

1) there were no facts presented to show a substantial change in circumstances, or that the best interests of the children would be served by a modification of the original custody order; and

2) the new order, entered without a hearing, violated her due process rights. Appellee's position is that appellant has waived her appellate rights since she failed to request a full evidentiary hearing pursuant to the last paragraph of the lower court's opinion and order of September 11, 1979. In this order, the lower court stated: "[W]e recognize and hold that upon the presentation of a petition that she is fully aware of her duties, rights and obligations as a parent the court will enter into a full evidentiary hearing." This order was entered after the appeal was filed with our court.

We recognize that the lower court was faced with a difficult and critical problem, if the charges in the petition to modify had any merit. Nevertheless, the lower court should either have acted in accordance with the stipulation of counsel, or should have taken testimony sufficient to justify an order changing the status quo. We remand this case to the lower court for a full evidentiary hearing on appellee's petition to modify custody. Custody of the children shall remain with appellee pending the lower court's decision on the petition to modify.[1]

1. Contrary to appellee's argument, we find that the order dated July 30, 1979 was a final appealable order.